UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TRAVONNA HOWARD,** *as Administratrix of the Estate of* **EVERETTE HOWARD JR.** c/o Gerhardstein & Branch 432 Walnut Street, Suite 400 Cincinnati, OH 45202 | : : : : : : : : | Case No. 1:12-cv-00586  Judge |
| Plaintiff, v. | : : : | **CIVIL COMPLAINT AND JURY DEMAND** |
| **RICHARD HAAS** c/o University of Cincinnati Police Department Three Edwards Center 51 West Corry Blvd Cincinnati, Ohio 45221, *in his individual capacity,* | : : : : : : : : | |
| Defendant. | | |

**I. PRELIMINARY STATEMENT**

1. This civil rights action challenges as excessive force the unjustified tasing and killing of Everette Howard, Jr., by University of Cincinnati police officer Richard Haas. Mr. Howard was not engaged in any criminal activity and posed no threat to anyone when he was tased on August 6, 2011. Plaintiff Travonna Howard, mother of Everette, hopes through this case to secure a full explanation of the events of that night; impose accountability on those responsible for her son's suffering and death, receive fair compensation, and she hopes to share what she learns with others in order to prevent future needless deaths due to improper use of tasers.

## II. PARTIES

2. Plaintiff Travonna Howard is the mother of decedent Everette Howard,[1] who was an African American resident of Hamilton County, Ohio and a citizen of the State of Ohio at the time of his death.  Travonna Howard is also the administratrix of Everette Howard's estate.  She brings this survival claim solely in her capacity as the administratrix of the estate of Everette Howard.

3. Defendant Richard Haas was at all times relevant to this action a law enforcement officer employed by the State of Ohio at the University of Cincinnati.  Defendant Haas is a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law.  He is sued solely in his individual capacity.

## III. FACTS

**A. Everette Howard Jr.**

4. Everette Howard Jr. was the son of Travonna Howard and Everette Howard Sr.  He grew up in the family home in North College Hill with his younger brother and sister.  Everette and his family were active members of the New Missionary Baptist Church in Cincinnati, Ohio.

5. Everette graduated from North College Hill High School in the summer of 2011.  He was an excellent student and captain of both the wrestling and football teams at North College Hill High School.

6. Everette was scheduled to begin classes at the University of the Cumberlands on a wrestling scholarship in late August of 2011.

---

[1] In this complaint the deceased is also referred to as "Everette Howard" and "Everette."

7. In the period in between high school graduation and the beginning of college, Everette attended the University of Cincinnati's Upward Bound Program, a program designed to prepare children from low income families for college.

8. Everette resided in a residence hall on the University of Cincinnati campus while he participated in the Upward Bound Program.

9. Everette had participated in the Upward Bound Program for four summers. He performed very well in the Program. He did not drink or take drugs. He was a model student.

10. August 5, 2011 was the last day of programming in the Upward Bound Program.

11. Everette was scheduled to return to his home with his parents on August 6, 2011.

### B. Everette Assists Resident Assistant

12. On the evening of August 5, 2011, several visitors were in the room Everette Howard shared with two roommates. At one point one of those visitors removed a hat that did not belong to him. One of Everette's roommates tried to get the hat back. Everette helped calm the roommate down and defuse the situation.

13. Defendant Officer Haas responded after the visitors had all left the premises.

14. Approximately one hour later one of Everette's roommates left the dormitory to escort some friends home. As the roommate left the building some of the persons who had started the earlier altercation started chasing him across the campus.

15. The resident assistant called 911 at this time to report that several individuals were attempting to assault one of his students.

16. The resident assistant then assisted the police in identifying the visitors who were causing the problems.

17. As the resident assistant was walking to meet UC police Lt. Elliott, he was joined by Everette Howard.

18. The two then began to walk together to meet with Lt. Elliott.

C. **Officer Haas Unjustifiably Stops and Tases Everette Howard.**

19. Everette Howard and his resident assistant encountered Officer Richard Haas as they were going to meet with Lt. Elliott.

20. Officer Haas had his X-26 taser drawn and aimed it at them.

21. Without justification or explanation, Officer Haas commanded the two to put their hands up and get on the ground.

22. Both the resident assistant and Everette Howard began to immediately comply, while the resident assistant also tried to explain that he was the one that had called the police.

23. Everette was complying with the officer's commands when Officer Haas fired his taser at Everette in probe mode.

24. "Probe mode" is a function of the taser device whereby two barbs are deployed at a subject and a continuous electric shock is administered to the suspect through the barbs.

25. Officer Haas gave no warning or announcement that he was going to deploy his taser.

26. Neither the resident assistant nor Everette Howard posed a threat to the officer or anyone else.

27. Everette was not wearing a shirt and was clearly not carrying any weapon.

28. The barbs struck Everette in the chest, one near his heart.

29. Everette then fell face first to the ground.

30. Within a short period of time Everette became unresponsive.

31. The Cincinnati Fire Department was called to treat Everette Howard.

32. The EMTs from the Fire Department provided treatment when they arrived and then transported Everette Howard to University Hospital.

33. Physicians at University Hospital determined that the time of death for Everette Howard was 3:59 a.m. on August 6, 2011.

### D. Culpable Conduct

34. At all times relevant to this action, Defendant Haas acted unreasonably, negligently, recklessly, wantonly, willfully, knowingly, intentionally and with deliberate indifference to the safety and rights of Everette Howard Jr.

35. The stop and detention of Everette Howard by Defendant Haas were undertaken without probable cause or reasonable suspicion to believe that he had committed a crime.

36. The use of force by Defendant Haas on Everette Howard on August 6, 2011, was unreasonable and excessive and violated clearly established law.

37. At the time of the use of force in this case Defendant Haas was a taser instructor.

38. At the time of the use of force in this case, Taser International, the company that manufactures the X26 Taser, had issued a product warning, known to Defendant Haas, indicating that there is an increased risk of injury to the subject when taser barbs strike an individual in the chest.

39. The product warning, issued in October, 2009, also advised taser users not to target the upper chest with the taser and rather to target the lower center mass (below the chest) and legs for a chest shot.

40. On August 6, 2011, Defendant Haas was aware that both heart rate and heart rhythm can be impacted by a taser application in prong mode to the upper chest.

41. On August 6, 2011, Defendant Haas was aware that a taser application to the upper chest in prong mode posed a risk of causing cardiac arrest.

**E. Harm to Everette Howard Jr.**

42. Defendant Haas proximately caused Everette Howard Jr. to suffer extreme mental distress, terror, mental anguish, and the anguish of experiencing his last moments of life in severe physical pain.

## IV. CAUSE OF ACTION- EXCESSIVE FORCE (42 U.S.C. § 1983)

43. Defendant Haas has, under color of law, deprived Everette Howard of rights, privileges, and immunities secured to him by the United States Constitution, including the prohibition on unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution.

## V. JURY DEMAND

44. Plaintiff hereby demands a trial by jury of all issues triable by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.   Award Plaintiff compensatory damages in an amount to be shown at trial;

B.   Award punitive damages against the Defendant in an amount to be shown at trial;

D.   Award Plaintiff reasonable attorney's fees, costs and disbursements;

E.   Grant Plaintiff such additional relief as the Court deems just and proper.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

/s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein (0032053)
Trial Attorney for Plaintiff
Jennifer L. Branch (0038893)
Attorney for Plaintiff
Gerhardstein & Branch Co. LPA
432 Walnut Street, Suite 400
Cincinnati, Ohio 45202
Tel (513) 621-9100
Fax (513) 345-5543
agerhardstein@gbfirm.com
jbranch@gbfirm.com
